UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHIRLEY LENT, et al.,

    Plaintiffs,

    v.

A.W. CHESTERTON, et al.,

    Defendants.
_____/

No. C 09-3941 PJH

**ORDER GRANTING MOTION TO REMAND**

    Before the court is plaintiffs' motion to remand the above-entitled action to the Superior Court of California, County of Alameda. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby GRANTS the motion.

    Plaintiffs filed this asbestos personal injury action on June 4, 2008, in the Alameda County Superior Court, against numerous defendants, including defendant General Motors Corporation ("GMC"), individually, as parent, alter ego, and successor-in-interest to Detroit Diesel Corporation ("DDC"). Plaintiffs allege that decedent Frank Lent was exposed to asbestos starting in 1951, and that he died from asbestos-related mesothelioma on November 14, 2008.

    On August 26, 2009, DDC removed the portion of the action asserting claims against it ("the DDC Claims"), which claims DDC alleges "are not based on any direct action by DDC, but rather on DDC's former relationship with GMC as a division of GMC." DDC asserts that "[a]ny finding of liability based on the DDC Claims would, at best, be indirect

liability on the part of DDC, and direct liability on the part of GMC," as "GMC is obligated to indemnify and hold harmless DDC for any liability associated with the DDC Claims." Notice of Removal ¶¶ 5-6.

Based on GMC's having filed for bankruptcy protection in the United States Bankruptcy Court, Southern District of New York, on June 1, 2009 ("the GMC Bankruptcy Case"), DDC alleges that this court has jurisdiction over the DDC Claims pursuant to 28 U.S.C. § 1452 and Federal Rules of Bankruptcy Procedure, Rule 9027, in that the DDC Claims "are related to the GMC Bankruptcy Case" and that "a resolution of the DDC Claims could conceivably have an effect on the estate of GMC currently being administered in the GMC Bankruptcy Case." Id. ¶ 9.

DDC asserts further that "[t]he prosecution of the DDC Claims constitutes a core proceeding in that it will affect the liquidation of the assets of the GMC estate and will adjust the debtor-creditor relationship between DDC and GMC as a result of, inter alia, GMC's indemnification obligations to DDC." Id. ¶ 11. Thus, DDC asserts, this court has jurisdiction of the DDC Claims pursuant to 28 U.S.C. §§ 157, 1331, and 1334.

Plaintiffs now seek an order remanding the DDC claims to the Alameda County Superior Court, arguing that the court should abstain from exercising jurisdiction under 28 U.S.C. § 1334(c), and also asserting that equitable considerations favor remand. In addition, plaintiffs seek an award of fees and costs pursuant to 28 U.S.C. § 1447(c).

The court should construe the removal statute strictly against removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The defendant bears the burden of showing that removal is proper. See Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

The court finds that the motion to remand must be GRANTED. Removal of claims or causes of action related to bankruptcy cases under 28 U.S.C. § 1452 is proper only when the district court has subject matter jurisdiction under 28 U.S.C. § 1334. 28 U.S.C. § 1452(a). The bankruptcy jurisdiction of the federal courts is set forth in § 1334, which provides for original jurisdiction in the district courts (a) of "all cases under title 11 [of the United States Code];" (b) of all civil proceedings "arising under" or "arising in . . . cases"

under title 11; or (c) "related to cases" under title 11.  28 U.S.C. § 1334(a), (b).

Although DDC alleges in the notice of removal both that the DDC Claims are "related to" the GMC Bankrupcty Case, and that the DDC Claims constitute a "core proceeding," DDC does not argue in its opposition to plaintiffs' motion that the claims asserted against it are claims "under" or "arising under" or "arising in" a case under title 11.[1]

Thus, the basis for the removal is "related to" jurisdiction.  Plaintiffs do not appear to be asserting that the DDC claims are unequivocally not "related to" the GMC Bankruptcy Case, but rather that the DDC claims are not sufficiently related, and that the court should abstain from hearing those claims and should remand them to the Alameda County Superior Court.

Whether a civil proceeding can be considered "related to" a bankruptcy case depends upon "whether the outcome of the proceeding could conceivably have any effect on the estate being administered."  In re Fleitz, 852 F.2d 455, 457 (9th Cir. 1988) (adopting test set out in Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)).  Here, the court assumes, without deciding, that the DDC claims are related to the GMC Bankruptcy Case.

"Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under Title 11 or arising in a case under Title 11," with respect to which an action could not have been commenced in federal court under § 1334, the district court "shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."  28 U.S.C. § 1334(c)(2).

In their moving papers, plaintiffs assert that remand is required under the "mandatory abstention" provision of § 1334(c)(2).  However, after DDC argued in its opposition that 28 U.S.C. § 157 excepts DDC's removed action from mandatory abstention

---

[1] Moreover, the DDC Claims do not constitute a "core bankruptcy proceeding" within the meaning of 28 U.S.C. § 157, as they do not "invoke[ ] a substantive right provided by title 11" and do not constitute "a proceeding that, by its nature, could arise only in the context of a bankruptcy case."  In re Gruntz, 202 F.3d 1074, 1081 (9th Cir. 2000) (citation and quotation omitted).

3

under § 1334(c)(2), because the DDC claims involve "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11," (citing 28 U.S.C. § 157(b)(2)(B), (b)(4)), plaintiffs abandoned their argument regarding "mandatory abstention."

Nevertheless, plaintiffs assert, discretionary abstention is still proper under § 1334(c)(1), and the court should grant the motion to remand on that basis.  Under § 1334(c)(1), the district court has discretion, "in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding . . . related to a case under title 11."  28 U.S.C. § 1334(c)(1).  In addition, the district court may remand "on any equitable ground."  28 U.S.C. § 1452(b).

In considering whether to exercise discretionary abstention under § 1334(c)(1) and to remand, the court should generally consider the following factors: (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to plaintiffs from removal.  Hopkins v. Plant Insulation Co., 349 B.R. 805, 813 (N.D. Cal. 2006) (citing Williams v. Shell Oil Co., 169 B.R. 684, 692-93 (S.D. Cal. 1994)); see also In re Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1990) (identifying 12 factors).

The court finds that the Alameda Superior Court is the appropriate forum for the DDC claims, and that the relevant factors favor remand.  In particular, the court notes that the Bankruptcy Court has already indicated that asbestos actions such as the present one have "no material effect" on the GMC bankruptcy; that plaintiffs have alleged only state law causes of action against DDC; that California law is presently unsettled regarding the issue of liability for asbestos exposure resulting from defective design of products that incorporate asbestos-containing components; that the remainder of plaintiffs' case is presently proceeding in the Alameda County Superior Court, and that the severing of plaintiffs' claims against DDC from the state law claims asserted against the other defendants will result in a duplication of judicial resources and will result in prejudice to

4

plaintiffs as it will necessitate litigating in separate fora; and that DDC has not identified any basis for federal jurisdiction other than the "related to" jurisdiction of § 1334(b).

For the same reasons, the court finds that equitable consideration require remand to state court. See In re Enron Corp., 296 B.R. 505, 508-09 (C.D. Cal. 2003) (importing discretionary abstention factors into remand analysis). In particular, as the court found in Diaz v. A.W. Chesterton, Inc., 2009 WL 2777894 (S.D. Ill., Aug. 31, 2009), an asbestos-injury case filed in an Illinois state court, in which DDC removed the claims asserted against it on the same grounds as in the present action, "[t]his case presents only issues of state law, and stands in a remote and tenuous relationship to a bankruptcy proceeding," and is unlikely to cause any harm to the efficient administration of GMC's bankruptcy estate. Id. at *3.

In accordance with the foregoing, this case is hereby REMANDED to the Alameda Superior Court, pursuant to 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b).

Plaintiffs' request for fees and costs is DENIED.

The date for the hearing on plaintiffs' motion, previously set for Wednesday, November 4, 2009, is VACATED.

**IT IS SO ORDERED.**

Dated: October 27, 2009

PHYLLIS J. HAMILTON
United States District Judge

5